UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GERARDO QUIROS,

                              Petitioner,

                                                              Case # 21-CV-6466-FPG
v.                                                            DECISION AND ORDER

STEWART T. ECKERT, *as Superintendent of the*
*Wende Correctional Facility*, et al.,

                              Respondents.

## INTRODUCTION

Pursuant to 28 U.S.C. § 2254, Petitioner Gerardo Quiros brings this habeas petition to challenge his state-court convictions for first-degree rape and first-degree criminal sexual act. ECF No. 1. Respondents Stewart T. Eckert and New York State Department of Corrections and Community Supervision oppose the petition. ECF Nos. 8, 9. For the reasons that follow, Petitioner's request for habeas relief is DENIED, and the petition is DISMISSED.

## BACKGROUND

Because the petition focuses on the manner in which Petitioner was charged, the Court limits its summary of the relevant facts accordingly.

In May 2017, Petitioner was indicted on thirty-seven charges, thirty of which involved charges of first-degree rape and first-degree criminal sexual act. *See* ECF No. 9-2 at 1-19. It was alleged that over the course of approximately one and one-half months, Petitioner repeatedly engaged in unconsented-to sex acts with the putative victim, whom the Court will identify as "K.M." In the original indictment, the seven rape counts were charged to cover discrete, non-overlapping time periods. For example, the first count alleges that Defendant committed first-degree rape "between March 15, 2017 and March 21, 2017," while the second count alleges that

1

another instance of first-degree rape occurred "between March 22, 2017 and March 28, 2017." *Id.*
at 1.  By contrast, there are over a dozen counts for first-degree criminal sexual act, many of which
entirely overlap in both alleged conduct and alleged timeframe.  For example, the ninth count
alleges that Defendant engaged in anal sexual conduct by means of forcible compulsion "between
March 15, 2017 and April 29, 2017," and the tenth count contains the exact same language. *See*
*id.* at 4-5.

In July 2017, Defendant filed a motion requesting, *inter alia*, a bill of particulars.  ECF No.
9-2 at 142.  In response, the State provided a bill of particulars that did not clarify the dates relevant
to each count.  ECF No. 9-3 at 11.  For example, as to the criminal sexual act charges listed in
counts 8 through 10, the State merely wrote that "on each of the dates set forth in the Indictment,
the People allege that the Defendant engaged in anal sexual conduct with [K.M.] by means of
forcible compulsion." *Id.*  Similarly conclusory language is used with respect to the rape and other
criminal sexual act charges. *See id.*

Months later, in February 2018, Defendant filed another motion for a "more specific" bill
of particulars and to dismiss the indictment. *Id.* at 16-20.  He argued that the indictment failed to
satisfy C.P.L. § 200.50(6), which requires "[a] statement in each count that the offense charged
therein was committed on, or on or about, a designated date, or during a designated period of time."
*Id.* at 17.  Defendant raised several issues with the dates contained in the original indictment: the
rape counts "merely state that each incident occurred during a [successive] six day time period[s]
beginning on March 15, 2017, and ending on April 29, 2017." *Id.*  The charges for criminal sexual
acts "allegedly occur[ed] over the same time period, except that there is no date at all in Count 8."
*Id.*  Defendant asked the trial court to order the State "to provide a Bill of Particulars with more
concise dates so that [he could] adequately prepare for trial." *Id.* at 18.  Defendant also requested

that the Court dismiss the indictment.  He cited the grand jury minutes, which, in his view, revealed that the victim had identified the *number* of times she had been subjected to unlawful sexual contact by Defendant, but had not identified the *dates* on which each incident occurred.  ECF No. 9-3 at 19.  From this, Defendant inferred that "the prosecutor arbitrarily picked the dates for the alleged incidents, which [made] it impossible to know whether any of" the charges were duplicitous.  *Id.*

Thereafter, the State filed a supplemental bill of particulars and dismissed counts 18 through 30 of the indictment.  *See id.* at 90-92.  This left ten counts of first-degree criminal sexual act, which were more specifically identified by (1) the date, (2) the type of sexual contact (anal or oral), and (3) the basis for K.M.'s recollection of that date.  *See id.*  The rape counts were unaffected by the supplemental bill of particulars.

In April 2018, Defendant moved to dismiss all of the rape and criminal sexual act counts, arguing that they were "duplicitous under [C.P.L.] Section 200.50(30) and the case the law [sic] of this state."  *Id.* at 102.  The trial court denied Defendant's request for relief.  ECF No. 9-2 at 58-59.

Shortly before trial in June 2018, the State submitted an unsigned "trial" indictment, which reflected the State's dismissal of many of the charges and significantly modified the dates on which the surviving charges occurred.  *See id.* at 32-48.  By way of example, the first count in the original indictment alleged that a rape occurred between March 15, 2017 and March 21, 2017, while the second count alleged the same between March 22, 2017 and March 28, 2017.  *See* ECF No. 9-2 at 1.  In the "trial" indictment, the first count alleged that a rape occurred on March 22, 2017, and the second count alleged that a rape occurred on April 15, 2017—both of which were outside of the date ranges of the original counts.  The State explained in a companion document that the (original)

first, third, and fourth counts had been dismissed; that the (original) second count had become the (new) first count; that the (original) fifth count had become the (new) second count; and that the dates had been amended to be more specific. *See id.* at 40-41. These reconfigurations and clarifications were made throughout the "trial" indictment. *See generally id.* at 32-48.

The case proceeded to trial, after which a jury found Petitioner guilty of, *inter alia*, four counts of first-degree rape and three counts of first-degree criminal sexual act. *See* ECF No. 9-2 at 83.

Petitioner filed an appeal to the Appellate Division, Fourth Department, arguing that "reversal of the judgment is required because County Court erred in denying his motion to dismiss the indictment on the ground that it was rendered duplicitous by the grand jury testimony of the victim." *People v. Quiros*, 128 N.Y.S.3d 397, 399 (4th Dep't 2020). In July 2020, the Fourth Department affirmed. *See id.* at 399-400. The court agreed that many of the counts in the original indictment was "duplicitous," but concluded that the supplemental bill of particulars and "trial" indictment served to cure the defects. *Id.* at 400. On January 22, 2021, the Court of Appeals denied leave to appeal. ECF No. 9-3 at 161. Petitioner filed the present petition in June 2021. ECF No. 1.

## LEGAL STANDARD

28 U.S.C. § 2254 allows a petitioner to challenge his imprisonment from a state criminal judgment on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the petitioner raises a claim that was adjudicated in state-court proceedings, he is only entitled to relief if that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1), (2).

## DISCUSSION

Petitioner argues that the Fourth Department's affirmance of his convictions "was an unreasonable application of federal law regarding Petitioner's Sixth Amendment right to notice of the allegations against him and his Fourteenth Amendment right to due process." *Id.* The Court concludes that it may not grant relief to Petitioner on these theories.

Under § 2254(b)(1)(A), a federal court may not grant a habeas petition unless "the applicant has exhausted the remedies available in the courts of the State." In order to "satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks, brackets, and citations omitted); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (internal brackets and quotation marks omitted)). Moreover, "[i]f a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred," the habeas court "must deem the claim procedurally defaulted." *Carvajal*, 633 F.3d at 104 (internal brackets omitted). "An applicant seeking habeas relief may escape dismissal on the merits of a procedurally defaulted claim only by demonstrating cause for the default and prejudice or by showing that he is actually innocent of the crime for which he was convicted." *Id.* (internal quotation marks omitted).

During his state-court proceedings, Petitioner did not frame his duplicity arguments in terms of his Sixth Amendment right to notice or Fourteenth Amendment right to due process. Rather, he framed his arguments in terms of state statutory and state constitutional law. *See, e.g.*, ECF No. 9-3 at 102 (arguing that counts one through thirty were "duplicitous under Criminal Procedure Law Section 200.50[] and the case the law [sic] of this state"). The authority he recites in his papers, as well as the Fourth Department's decision, reflects that fact. *See* ECF No. 9-3 at 16-20; ECF No. 9-3 at 98-102; ECF No. 9-2 at 49-72; ECF No. 9-3 at 139-48; ECF No. 9-3 at 153-60; *see also Quiros*, 128 N.Y.S.3d at 399-400.

To be sure, Petitioner explains in his memorandum of law that he properly raised his "duplicity" argument throughout his state-court proceedings.[1] *See* ECF No. 1-2 at 4-5. That may be true, but he never presented the federal "*constitutional variations*" of his duplicity argument during his state-court proceedings. *Sepulveda v. New York*, No. 08-CV-5284, 2013 WL 1248379, at *2 (S.D.N.Y. Mar. 26, 2013); *see also Santiago v. Sheahan*, No. 19-CV-6529, 2020 WL 1956348, at *4 (W.D.N.Y. Apr. 23, 2020) (where petitioner attempted to frame issues of state law as federal constitutional violations, concluding that constitutional claims were not exhausted because Petitioner had "never raised the constitutional aspects of his claims during his direct appeal"). While in state court, Petitioner never invoked the Sixth or Fourteenth Amendment in the manner he now does, let alone developed the sort of analysis he presently undertakes. *See* ECF No. 1-2 at 5-12. In asserting that he exhausted his present federal claims, Petitioner fails to cite anything in the record to suggest that he relied on "pertinent federal cases employing constitutional analysis" or on "state cases employing constitutional analysis in like fact situations," asserted a

---

[1] The Court cannot address Petitioner's state-law arguments, since "federal habeas corpus relief does not lie for errors of state law." *Cunningham v. Conway*, 717 F. Supp. 2d 339, 367-68 (W.D.N.Y. 2010) (internal quotation marks omitted).

6

"claim in terms so particular as to call to mind a specific right protected by the Constitution," or alleged a pattern of facts well "within the mainstream of constitutional litigation." *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982).

In sum, Petitioner did not "fairly present to the state courts the constitutional nature of his claim," *id.*, and so his federal claims are unexhausted. *Accord Ellis v. Phillips*, No. 04-CV-7988, 2005 WL 1637826, at *17-18 (S.D.N.Y. July 13, 2005) (petitioner failed to exhaust duplicity claim premised on the Federal Constitution, where he only raised on direct appeal a duplicity claim arising under state law). And because Petitioner did not exhaust his state remedies, these claims are now procedurally defaulted. *See id.* at *18 (noting that New York's collateral procedures are unavailable to a petitioner who "could have raised the [constitutional] claim on direct review but did not"). Habeas review is therefore barred unless Petitioner demonstrates "cause for the default and prejudice" or shows "that he is actually innocent of the crime for which he was convicted." *Carvajal*, 633 F.3d at 104. Petitioner does not even attempt to make that showing in his brief, let alone carry his burden. *See generally* ECF No. 1-2; *see also Allan v. Conway*, No. 08-CV-4894, 2012 WL 70839, at *9 (E.D.N.Y. Jan. 10, 2012) (petitioner failed to meet burden where he did not provide "any explanation for his failure to properly exhaust all of his claims in state court"). Furthermore, the Court can discern no reason why the failure to consider this claim will result in a fundamental miscarriage of justice.

As such, Petitioner is barred from obtaining habeas relief on his present federal claims. *See Vargas v. Keane*, 86 F.3d 1273, 1280 (2d Cir. 1996) (claim barred where petitioner did not "attempt to show cause or prejudice" and the record did not "support a conclusion that the failure to grant relief will result in a 'fundamental miscarriage of justice'").

**CONCLUSION**

Accordingly, Petitioner's request for habeas relief is DENIED and his petition (ECF No. 1) is DISMISSED.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: August 1, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York